UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DUANE BURTON,<br><br>          Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS,<br><br>          Defendant. | Civil Action No. 19-2769 (TSC) |

### MEMORANDUM OPINION

*Pro se* Plaintiff Duane Burton sued the District of Columbia Department of Corrections ("DOC") under the Eighth Amendment and the D.C. Human Rights Act ("HRA"). Am. Compl. at 5, ECF No. 56. Defendant now moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the suit with prejudice, arguing that Plaintiff fails to state a claim upon which relief can be granted. Mot. to Dismiss at 4, ECF No. 64. The court agrees that Plaintiff has not plausibly pled his claims, but will dismiss his Amended Complaint without prejudice to allow him the opportunity to remedy its defects.

### I.    BACKGROUND

On September 13, 2019, forty-eight Plaintiffs jointly filed a complaint against DOC and submitted a single application to proceed *in forma pauperis*, demanding monetary damages on claims arising from the conditions of their confinement. *See* Order at 1, ECF No. 55; Compl., ECF No. 1. To evaluate that application, the court directed Plaintiffs to submit a certified copy of their trust fund account statements for the six-month period preceding the complaint's filing,

as 28 U.S.C. § 1915(a)(2) requires. Order at 1. Ultimately, however, only Duane Burton submitted the statement, and all other plaintiffs were dismissed. *Id.* at 1–2.

Burton's Amended Complaint alleges that, when he was a pre-trial detainee at DOC, the temperatures in the D.C. Jail were "high" and there was "no working air conditioning that would help to circulate any air" in his unit—causing him physical "pain and suffering," as well as "emotional and mental distress." Am. Compl. at 5. Plaintiff asserts that those conditions violated the Eighth Amendment and the D.C. Human Rights Act ("HRA"). *Id.* He also refers to a contract between the U.S. Marshals Service and DOC that prevents pre-trial detainees from being housed "in any space smaller than 48 square feet where the inmate [is] waiting for a court date," Am. Compl. at 5, and states that his case implicates the First, Sixth, and Fourteenth Amendments. Opp'n. to Mot. to Dismiss at 2.

## II.     LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555–56). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

"The Court is mindful that a pro se litigant's complaint is held to a less stringent standard than formal pleadings drafted by lawyers." *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C.

1987) (citing *Redwood v. Council of the District of Columbia*, 679 F.2d 931 (D.C. Cir. 1982); *Haines v. Kerner*, 404 U.S. 519 (1972)).  The court must grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting *Schuler v. United States*, 61 F.2d 605, 608 (D.C. Cir. 1979)), and "consider [their] filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014) (citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)).  However, this standard "does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert."  *Jarrell*, 656 F. Supp. at 239.

### III.   ANALYSIS

As currently pled, Plaintiff's Amended Complaint suffers from several fatal defects.  To begin, it names DOC as Defendant, but "[g]overnmental agencies of the District of Columbia are not suable entities."  *Arnold v. Moore*, 980 F. Supp. 28, 33 (D.D.C. 1997); *see also Fields v. D.C. Dep't of Corr.*, 789 F. Supp. 20, 22 (D.D.C. 1992) (stating that the court "lacks jurisdiction over [Defendant DOC]").  Plaintiff's claims against DOC must, therefore, be dismissed.  *Arnold*, 980 F. Supp. at 33.  "When a plaintiff erroneously names as a defendant a District of Columbia agency instead of the District of Columbia itself, a court may substitute the District as a defendant for its agency."  *Sampson v. D.C. Dep't of Corr.*, 20 F. Supp. 3d 282, 285 (D.D.C. 2014).  But even if the court did so here, Plaintiff does not state a claim upon which relief can be granted.  The two legal bases he most clearly invokes for his claims are either inapplicable in this context or unsupported by his allegations, and his references to a few other potential sources of law—even liberally construed—do not plausibly plead a claim.

First, Plaintiff's Eighth Amendment claim fails in this context because that Amendment's prohibition on cruel and unusual punishments only applies to "persons against whom the

government 'has secured a formal adjudication of guilt in accordance with due process of law.'" *Powers-Bunce v. D.C.*, 479 F. Supp. 2d 146, 153 (D.D.C. 2007) (citing *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979)). Plaintiff's allegations appear to relate to his experience as a pre-trial detainee. *See* Am. Compl. at 5 (referring to DOC agreements regarding "pre-trial detainees" who "are waiting for a court date"). Rather than suing under the Eighth Amendment to protest the conditions of his confinement, therefore, Plaintiff must instead "rely upon the Fifth Amendment's guarantee of due process." *Brogsdale v. Barry*, 926 F.2d 1184, 1187 (D.C. Cir. 1991). Accordingly, the court will dismiss Plaintiff's Eighth Amendment claim without prejudice; he may amend his Complaint to seek relief under the Fifth Amendment.

Second, Plaintiff's claim that he should be reimbursed for Defendant's HRA violation also cannot succeed. *See* Am. Compl. at 5. The regulation he cites allows prevailing plaintiffs to be reimbursed for expenses incurred from "any physiological, psychological, or emotional problems as a result of the violation of the [HRA]." 31 D.C. Reg. § 205.1, at 6262 (1984). But Plaintiff does not plead any violation of the HRA, which generally prohibits "discrimination for any reason other than that of individual merit," D.C. Code Ann. § 2-1401.01—he does not allege that Defendant discriminated against him in any way or otherwise violated the HRA. As a result, his allegations provide no basis for seeking the HRA's corresponding reimbursement, and the court will dismiss this claim without prejudice as well.

Plaintiff's filings contain several fleeting references to other potential sources of law, but his allegations—even liberally construed—do not support claims arising from them. For instance, the Amended Complaint mentions that the U.S. Marshals Service has a contract with DOC that prevents pre-trial detainees from being housed "in any space smaller than 48 square feet where the inmate [is] waiting for a court date." Am. Compl. at 5. But Plaintiff does not

allege that contract was violated or why that would allow him to sue Defendant. Likewise, in opposing the Motion to Dismiss, Plaintiff contends that the First, Sixth, and Fourteenth Amendments are also at issue in his case. *See* Opp'n to Mot. to Dismiss at 2. But he does not identify—and the court is not aware of—any allegations that would support any of those constitutional claims. Based on the Amended Complaint as written, therefore, the court cannot draw the inference that the District of Columbia is liable to Plaintiff on any of these grounds.

## IV.     CONCLUSION

For these reasons, the Court will GRANT in part Defendant's Motion to Dismiss and dismiss Plaintiff's Amended Complaint without prejudice. A corresponding Order will accompany this Memorandum Opinion.

Date: July 7, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge