UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DUANE BURTON**,<br><br>   Plaintiff,<br><br>v.<br><br>**WANDA PATTEN,** *et al.*,<br><br>   Defendants. | No. 19-cv-2769 (TSC) |

## OPINION & ORDER

From 2019 until 2021, *pro se* Plaintiff Duane Burton was held at the D.C. Jail while awaiting trial on federal criminal charges. *See* Second Am. Compl. at 12, 16, ECF No. 74. In 2019, Burton sued the D.C. Department of Corrections, challenging conditions at the Jail. *See generally* Compl., ECF No. 1. Although Burton was transferred to a federal prison in Virginia in 2021, *see* Notice of Change of Address, ECF No. 42, he continued to press his claims against the Department and filed an Amended Complaint in 2022 claiming in relevant part that conditions at the Jail violated the Eighth Amendment. First Am. Compl. at 5, ECF No. 56. In 2023, the court dismissed Burton's First Amended Complaint, both because the Department was not a proper defendant and because the Eighth Amendment did not apply to Burton's time at the D.C. Jail as a pretrial detainee. *See* Mem. Op. at 3–4, ECF No. 68. Burton has now filed a Second Amended Complaint substituting D.C. Jail officials for the Department. But he again alleges violations of the Eighth Amendment. *See* Second Am. Compl. at 16, ECF No. 74. For the reasons below, the court will dismiss the Second Amended Complaint without prejudice. But Burton is warned that if he again "files an amended complaint that merely recycles the complaint presently before the

court, it may be dismissed with prejudice." *Brown v. WMATA*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (cleaned up).

A district court may dismiss *sua sponte* a complaint for failure to state a claim where "it is patently obvious" that the plaintiff cannot prevail on the facts alleged in the complaint. *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990); *see also Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 127 (D.C. Cir. 2012) (same). It is patently obvious that Burton cannot prevail on his Eighth Amendment claim. As the court has already explained, a pretrial detainee challenging conditions at the D.C. Jail must "rely upon the Fifth Amendment's guarantee of due process" rather than the Eighth Amendment's prohibition on cruel and unusual punishment. Mem. Op. at 4 (quoting *Brogsdale v. Barry*, 926 F.2d 1184, 1187 (D.C. Cir. 1991)). That is because the Eighth Amendment applies only to "persons against whom the government 'has secured a formal adjudication of guilt,'" *Powers-Bunce v. District of Columbia*, 479 F. Supp. 2d 146, 153 (D.D.C. 2007) (quoting *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979)), and "different" standards govern the treatment of those who have not yet been convicted. *See Brogsdale*, 926 F.2d at 1187 & n.4.

Burton also appears to assert a claim under the Fourteenth Amendment, *see* Second Am. Compl. at 16, but it is patently obvious that such a claim would fail as well. "The Fourteenth Amendment . . . does not apply to the District of Columbia." *Muhammad v. United States*, 300 F. Supp. 3d 257, 267 (D.D.C. 2018); *see also Powers-Bunce*, 479 F. Supp. 2d at 153 ("[B]y its terms, the Fourteenth Amendment applies only to the states . . . ."). "Because D.C. is a political entity created by the federal government, it is subject to the restrictions of the Fifth Amendment, not the Fourteenth." *Propert v. District of Columbia*, 948 F.2d 1327, 1330 n.5 (D.C. Cir. 1991); *see also Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

Therefore, it is hereby **ORDERED** that Burton's Second Amended Complaint, ECF No. 74, is **DISMISSED** without prejudice and the pending Motion to Quash, ECF No. 83, is **DENIED AS MOOT**.

Date: December 9, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge